UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Webster Douglas Williams, III, | ) | Criminal No.: 4:12-cr-00969-RBH-1 |
| | ) | Civil Action No.: 4:15-cv-04849-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Petitioner Webster Douglas Williams's ("Petitioner's") *pro se* [ECF #194] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is Petitioner's [ECF #190] motion to proceed *in forma pauperis*; Petitioner's [ECF #192] motion to recuse; Petitioner's [ECF #193] motion to stay restitution; Petitioner's [ECF #203] motion for reconsideration of the Court's Order requiring any transcripts or other discovery made available to Petitioner be maintained by and used under the supervision of the personnel of the Bureau of Prisons; Petitioner's [ECF #213] motion to appoint counsel; and Petitioner's [ECF #223] motion for a subpoena.  Also pending is the Government's [ECF #236] motion for summary judgment and Petitioner's *pro se* [ECF #255] motion for summary judgment.

Petitioner's motion to vacate alleges twenty-nine grounds for relief including an allegation that he instructed his counsel to file a direct appeal despite having specifically waived his right to appeal in his Rule 11(c)(1)(C) plea agreement and having signed an appeal waiver at sentencing. Based on the Rule 11(c)(1)(C) plea agreement, Petitioner would also be limited in his ability to pursue an appeal based on 18 U.S.C. § 3742.  Petitioner indicated on the record during his guilty plea that his appeal waiver was freely and voluntarily given.  There is, by all accounts, overwhelming evidence in the record that Petitioner waived his right to a direct appeal; however, the

Court is constrained by Petitioner's sworn statement that he requested that an appeal be filed anyway. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).  The Court is skeptical of Petitioner's highly suspect claim that he requested an appeal despite the various waivers and Rule 11(c)(1)(C) plea agreement.  Nevertheless, under the mandates of *Poindexter* and the unique circumstances of this case, including the length of Petitioner's sentence (effectively life in prison), the Court sees little harm in forgoing an evidentiary hearing on this issue and granting Petitioner a belated appeal.  Accordingly, for the reasons explained more fully below, the Court grants Petitioner's motion to vacate as to ground four only and grants Petitioner a belated appeal.  On direct appeal, the government may raise the appeal waiver and limitations concerning Rule 11(c)(1)(C), which the court of appeals can address.

## Procedural History and Factual Background

Petitioner was indicted on December 18, 2012, in a four count indictment for child pornography related offenses. [ECF #2].  Count one alleged that on or about September 22, 2006, Petitioner knowingly induced or coerced a minor, "Jane Doe #1," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of 18 U.S.C. § 2251(a) and (e).  Count two alleged that on or about September 4, 2011, Petitioner knowingly induced or coerced a minor, "Jane Doe #2," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of 18 U.S.C. § 2251(a) and (e).  Count three alleged that from December 19, 2009, to December 23, 2009, Petitioner traveled in interstate commerce with a minor, "Jane Doe #1," for the purpose of engaging in a sexual act in violation of 18 U.S.C. § 2423(b).  Count four alleged that on or about November 12, 2011, Petitioner knowingly possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

On June 24, 2013, Petitioner's defense counsel filed a motion to suppress all evidence obtained as a result of a search of Petitioner's home on November 12, 2011, including a subsequent

search of electronic storage devices on November 18, 2011. On January 8, 2014, the Court conducted a hearing on the motion to suppress. On January 13, 2014, Petitioner's defense counsel filed a supplemental memorandum in support of the previously filed motion to suppress. After a second hearing on February 19, 2014, the Court denied Petitioner's motion to suppress in an Order dated March 12, 2014.

On June 16, 2014, Petitioner signed a plea agreement pursuant to Rule 11(c)(1)(C), which provided that Petitioner would plead guilty to counts one, three, and four in exchange for a stipulated sentence of 262 to 327 months imprisonment. The plea agreement also provided that Petitioner agreed to pay restitution in an amount to be determined by the Court at sentencing. Petitioner further agreed in the plea agreement to pay Jane Doe #1 restitution in the amount of $136,600.00 plus $550 per month during the time he is incarcerated with said payments to begin one year from the day Petitioner was sentenced. The plea agreement contained a waiver of appeal provision waiving Petitioner's right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. The appeal waiver did not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

The Court conducted a change of plea hearing on June 16, 2014, and accepted Petitioner's guilty plea after conducting a complete Rule 11 plea colloquy. The Court deferred acceptance of the Rule 11(c)(1)(C) plea agreement until after the Court had the opportunity to review the presentence investigation report prepared by the U.S. Probation Office. Upon motion of the government, the Court sealed the portion of the change of plea hearing that involved the minor victim.

A presentence investigation report ("PSR") dated August 14, 2014, and revised on September 16, 2014, was prepared by the U.S. Probation Office. With regard to sentencing options, the PSR stated that Petitioner's maximum possible statutory sentence was a total of 840 months or

70 years (30 year maximum for count one + 30 maximum for count three + 10 year maximum for count four). Petitioner's advisory guideline range was 360 months to life imprisonment. As to restitution to the victim of counts one and three, the PSR stated that the Petitioner agreed to pay restitution to Jane Doe #1 in the amount of $136,600 plus $550 per month during the time Petitioner is incarcerated with the payments to begin one year after sentencing. Accordingly, the PSR indicated that restitution to Jane Doe #1 would be calculated as follows: (number of months received at sentencing - 12 months x $550.00 per month + $136,600.00). With respect to restitution to the victims of count four (possession of child pornography count), the PSR indicated that the victims requested restitution in the amount of $177,500.00.

On December 19, 2014, Petitioner was sentenced to 327 months imprisonment pursuant to his Rule 11(c)(1)(C) plea agreement. Petitioner was also placed on supervised release for life upon his release from prison and ordered to pay restitution to Jane Doe #1 in the amount of $309,850.00. Petitioner was also ordered to pay restitution to the victims of count four in the amount of $177,500.00. The total amount of restitution ordered was $487,350.00 to all of Petitioner's victims. Again, upon motion of the government, the Court sealed the portion of the sentencing hearing that involved the minor victim.

After sentencing on December 19, 2014, Petitioner filed a waiver of appeal indicating the following: 1) that he had been notified by the court of his right to appeal; 2) the time limit for filing a notice of appeal; 3) that he had discussed his right to appeal with his attorney; and 4) that he did not want to appeal.

Judgment was filed on January 7, 2015, and an Amended Judgment reflecting priority of the victims for restitution was filed on February 10, 2015.

Petitioner filed a *pro se* motion to amend the judgment to reduce the amount of restitution payments on June 17, 2015. The Court denied Petitioner's motion on June 22, 2015, finding that

Petitioner had agreed to the restitution in his plea agreement and had not shown a material change in circumstances.

On October 19, 2015, Petitioner filed *pro se* motions for subpoenas seeking the visitation logs for the Dillon County Detention Center and a transcript of a jailhouse phone call between Petitioner and his counsel.  The Court denied Petitioner's motion on October 21, 2015, finding that any request for subpoenas was premature as no motion to vacate under 28 U.S.C. § 2255 had been filed.

Petitioner filed additional *pro se* motions seeking the release of his attorneys and to obtain unsealed transcripts.  The Court granted in part and denied in part Petitioner's motion to obtain unsealed copies of the transcripts holding that the transcripts should remain sealed from public access but allowing Petitioner to obtain a copy of the transcripts at his own expense.  The Court granted Petitioner's motion to release his attorneys.

On November 30, 2015, the government filed a motion requesting that any transcripts or other discovery made available to Petitioner be maintained by and used under the supervision of personnel at the Bureau of Prisons to protect the identity of the minor victims in this case.  On December 1, 2015, finding good cause for the requested restriction, the Court granted the government's motion.

Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255 on December 7, 2015, raising, among other issues, claims of ineffective assistance of counsel.  Petitioner also filed *pro se* motions requesting: 1) to proceed *in forma pauperis*; 2) for Judge Harwell to recuse himself; and 3) to stay restitution.

On December 11, 2015, Petitioner filed a *pro se* motion for reconsideration of the Court's order requiring that any transcripts or discovery made available to Petitioner be maintained by and

used under the supervision of Bureau of Prisons personnel. Petitioner filed a *pro se* motion to appoint counsel on December 18, 2015, and a *pro se* motion for subpoena on January 7, 2016.

On January 12 and 13, 2016, Petitioner's prior attorneys, John S. Simmons, Esq., Thomas C. Brittain, Esq., and Thomas Casey Brittain, Jr., Esq., filed affidavits in response to Petitioner's claims of ineffective assistance of counsel. On February 11, 2016, Petitioner filed a response to the attorney's affidavits.

The government filed a motion for summary judgment and response to Petitioner's motion to vacate under 28 U.S.C. § 2255 on February 16, 2016. On March 21, 2016, Petitioner filed a response to the government's motion for summary judgment. On June 16, 2016, Petitioner filed a *pro se* motion for summary judgment.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot

'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that he is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' "

*Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's motion to vacate alleges, among other things, ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be

8

deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

### **Analysis**

Petitioner's motion to vacate alleges twenty-nine grounds for relief. The Government argues that each of the Petitioner's grounds are without merit and that summary judgment should be granted. In ground four, however, Petitioner alleges ineffective assistance of counsel based on his attorneys' alleged failure to file a notice of appeal when instructed. Petitioner states, under penalty of perjury, that "I told my attorney to file an appeal concerning the motion to suppress to the Fourth Circuit Court of Appeals. He refused to do so." [Motion to Vacate, ECF #194 at 16]. The Government responds arguing that Petitioner specifically waived his appellate rights in his plea agreement and also waived his right to appeal the denial of his suppression motion when he pled guilty. Further, during the plea colloquy, the Court questioned Petitioner concerning his appeal waiver and Petitioner acknowledged that he was giving up those rights freely and voluntarily. *See* [Change of Plea Transcript, ECF #159, at 80]. Petitioner also filed a waiver of appeal following his sentencing hearing that indicated he did not want to appeal. *See* [Waiver of Appeal, ECF #143].

9

Petitioner's counsel, Thomas C. Brittain, Esq., Thomas Casey Brittain, Jr., Esq., and John S. Simmons, Esq., each filed affidavits addressing Petitioner's claims. The affidavits of Brittain and Simmons address Petitioner's waiver of his right to appeal but do not clarify *whether Petitioner still timely insisted that a notice of appeal be filed despite the appeal waivers*.

Despite the evidence in the record supporting the contention that Petitioner waived his right to appeal, Petitioner's statement in his motion to vacate that he requested defense counsel file a notice of appeal was made under penalty of perjury. Accordingly, out of an abundance of caution, the Court will assume an appeal was timely requested by the Petitioner.

The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). This deprivation of the right to appeal entitles Petitioner to relief under 28 U.S.C. § 2255. *See id.* The Fourth Circuit has further explained that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Thus, an appeal must be filed when the client so desires, regardless of whether the plea agreement contains an appeal waiver. *See id.* Furthermore, the Fourth Circuit has noted that "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id.* at 269 (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

When the district court is presented with a scenario where a petitioner claims, under penalty of perjury, that he requested that his counsel file a notice of appeal, and there is conflicting evidence

regarding whether the request was made, the court may vacate the judgment of conviction and immediately enter a new judgment from which a direct appeal may be taken. *See Peake*, 992 F.2d at 42; *see also Holmes v. United States*, No. 4:06-cr-1319-RBH, 2010 WL 1791256, at *1 (D.S.C. May 3, 2010); *Oliphant v. United States*, No. 3:08-70046-JFA, 2010 WL 3069491, at *2 (D.S.C. Aug. 3, 2010). This action will allow the petitioner to make a timely appeal pursuant to the Federal Rules of Appellate Procedure.[1] *See* Fed. R. App. P. 4(b) & (c). On direct appeal, the government may 1) raise the appeal waiver and argue that the appeal should be dismissed based on the waiver; 2) assert that it is no longer bound by the plea agreement because the defendant's appeal amounts to a breach of that agreement; or 3) decline to rely on the appeal waiver and address the merits. *Poindexter*, 492 F.3d at 271.

    The Court is mindful of Petitioner's appeal waiver in the plea agreement, Petitioner's indication on the record that the appeal waiver was freely and voluntarily given, and the waiver of appeal signed by Petitioner following his sentencing hearing. Additionally, the Court recognizes that Petitioner's stipulated sentence pursuant to a Rule 11(c)(1)(C) plea agreement further limits Petitioner's ability to pursue a direct appeal. *See, e.g. United States v. Pringle*, 578 Fed. Appx. 245, 248 (4th Cir. 2014) (pursuant to 18 U.S.C. § 3742, appeal of a sentence that is stipulated pursuant to Rule 11(c)(1)(C) is limited to claims that the sentence was: 1) imposed in violation of the law; 2) imposed as a result of an incorrect application of the Guidelines, or 3) greater than the sentence set forth in the plea agreement). Despite the many indications that Petitioner's direct appeal will not be successful, "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's

---

[1] Instead of holding a § 2255 evidentiary hearing, the Court will short-circuit the issue by offering the Petitioner another window within which to file a direct appeal.

interests." *Poindexter*, 492 F.3d at 273.  Because Petitioner alleges under penalty of perjury that he instructed his attorney to file an appeal and that his attorney refused to do so, the Court grants in part Petitioner's motion to vacate only as to ground four, which alleges ineffective assistance of counsel based on the failure to file a direct appeal.  The Court will vacate the Petitioner's sentence of conviction and immediately reinstate and re-impose his conviction to permit the Petitioner a renewed opportunity to seek a direct appeal.  The remainder of the Petitioner's claims are dismissed without prejudice to the Petitioner's right to file another habeas motion, if necessary, after a direct appeal.  *See United States v. Killian*, 22 Fed. App'x 300, 300–01 (4th Cir. 2001).  Because a criminal defendant has a right to counsel throughout the direct appeal,[2] the Court directs the Clerk to appoint counsel for the Petitioner to assist him with the pursuit of his direct appeal.

## Conclusion

The Court hereby **GRANTS IN PART** Petitioner's [ECF #194] motion to vacate only as to ground four on the issue of counsel's alleged failure to file a direct appeal when instructed to do so.  Because the Petitioner is confined and will have a difficult time retaining an attorney, the Court finds that justice requires the appointment of an attorney to represent the Petitioner, and the Clerk is hereby authorized to take the necessary steps to have that done.[3]  *See* 18 U.S.C. § 3006A.

Based on the foregoing, it is **ORDERED** that the Petitioner's sentence is **VACATED** and the same judgment of conviction is **IMMEDIATELY RE-IMPOSED** and **REINSTATED** with the date of imposition of judgment being the filing date of this Order.  The Clerk is directed to appoint counsel for the Petitioner to assist him with the pursuit of his direct appeal.

---

[2] *See Douglas v. California*, 372 U.S. 353, 357–58 (1963) (holding that a criminal defendant has a right to counsel throughout the direct appeal).

[3] The Court is assuming that the Petitioner is not now represented by retained counsel.

**IT IS FURTHER ORDERED** that the remaining claims raised in the Petitioner's [ECF #194] motion to vacate are **DISMISSED without prejudice** to the Petitioner's right to file another habeas motion, if necessary, after a direct appeal.

In light of the above, the Respondent's [ECF No. 236] Motion for Summary Judgment is **MOOT**. Petitioner's [ECF No. 255] Motion for Summary Judgment is also **MOOT**.

**IT IS ALSO ORDERED** that Petitioner's [ECF #192] motion to recuse is **DENIED** and also **MOOT**; Petitioner's [ECF #193] motion to stay restitution is **DENIED**; Petitioner's [ECF #203] motion for reconsideration of the Court's Order requiring any transcripts or other discovery made available to Petitioner be maintained by and used under the supervision of the personnel of the Bureau of Prisons is **DENIED**; Petitioner's [ECF #213] motion to appoint counsel for his Section 2255 motion to vacate is **MOOT**; Petitioner's [ECF #223] motion for a subpoena is **DENIED** and also **MOOT**, and Petitioner's motion [190] for *in forma pauperis* status is **MOOT**.

**IT IS SO ORDERED**.

July 12, 2016                              s/ R. Bryan Harwell
Florence, South Carolina                   R. Bryan Harwell
                                           United States District Judge